**SO ORDERED.**

**SIGNED this 19 day of April, 2010.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NUMBER:** |
| **CHARLES W. ROGERS, JR.** | **09-09323-8-SWH** |
| **JANICE S. ROGERS** | **CHAPTER 13** |
| **Debtor(s)** | |

### CONSENT ORDER ADDRESSING EXEMPTION CLAIMED IN
### CONSUMER RIGHTS CLAIM(S)

THIS MATTER comes before the United States Bankruptcy Judge in and for the Eastern District of North Carolina upon the request and with the consent of the debtor(s), counsel for the debtor(s), and the Chapter 13 Trustee to address the exemption(s) claimed by the debtor(s) in consumer rights claim(s) in their Local Form C and/or Schedule C, whether original or as amended, under N.C. Gen. Stat. § 1C-1601(a)(8). The debtor(s) have valued this asset in Schedule B (whether amended or as originally filed) at $0 or "Unknown", as of the petition date.

Because the Schedules filed (or amended) by the debtor(s) do not include sufficiently specific information to enable the Trustee to determine whether there is in fact any value in such asset and whether the claimed exemption should be allowed, and to obviate the need for the filing of an objection (or to resolve any objection filed), the debtor(s), by and through counsel, counsel for the debtor(s), and the Chapter 13 Trustee agree that this Consent Order should be

entered by and made an order of this court to adequately address and resolve the matter. Accordingly, with the consent of the parties subscribed hereto,

**IT IS HEREBY ORDERED**, in accordance with the Court's Order entered on April 7, 2010 in the Chapter 13 case <u>In re Baldwin</u>, Case No. 09-09854-8-JRL, U.S. Bankruptcy Court, EDNC, Raleigh Division, that Local Form C and/or Schedule C, whether original or as amended, is deemed amended with respect to the exemption claimed in any consumer rights claim(s) scheduled by the Debtor(s) to read as follows:

> The Debtor(s) claim(s) an exemption in any possible consumer rights claim only to the extent that the settlement/award, if any, is found by the Bankruptcy Court, upon the filing of a Motion for Approval of Settlement/Award and for Allowance of Exemptions and an Amendment to this Schedule C, to be in the nature of a personal injury claim, if allowed as exempt under applicable law, or to the extent that it is found to be other than a personal injury claim only to the extent of the dollar amount available to the Debtor(s) under another exemption, such as the wildcard exemption, under applicable exemptions law. The time within which the Trustee may object to the claiming of any exemption in this asset, shall be deemed tolled until such time as the Motion and Amendment are filed and served upon the Trustee.

**<u>CONSENTED TO AND AGREED:</u>**

<u>/s/ John F. Logan, Trustee</u>

John F. Logan, Standing Chapter 13 Trustee
N.C.S.B. No. 12473

<u>/s/ Joseph A. Bledsoe, III</u>

Joseph A. Bledsoe, III, Attorney for Debtor(s)
N.C.S.B. No. 19817

**END OF DOCUMENT**