UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CHARLES WINSTON ROGERS, JR. | ) | CASE NO.: 09-09323-8-SWH |
| SS#: xxx-xx-5776 | ) | |
| JANICE SHERRON ROGERS | ) | |
| SS#: xxx-xx-9349 | ) | |
| Mailing Address: | ) | |
|     4174 Culbreth Road | ) | |
|     Stem, NC 27851 | ) | |
| | ) | |
|         Debtors. | ) | CHAPTER 13 |
| | ) | |
| CHARLES WINSTON ROGERS, JR. and | ) | |
| JANICE SHERRON ROGERS, | ) | |
| | ) | |
|         Plainitffs, | ) | |
| | ) | |
| vs. | ) | AP No.:_____ |
| | ) | |
| HSBC BANK NEVADA, N.A., | ) | |
| | ) | |
|         Defendant. | ) | |

**COMPLAINT**

Plaintiffs, complaining of the defendant, say:

**<u>Introduction and Jurisdiction</u>**

    1. This action is brought by plaintiffs to have this Court determine whether or not the defendant HSBC Bank Nevada, N.A.(hereinafter "HSBC") holds a valid lien against a certain 2007 Kawasaki motorcycle (hereinafter "said vehicle") owned by the plaintiffs, and if defendant does have a valid lien against said vehicle, to determine whether or not such lien should be declared void.

    2. This is a core proceeding as that term is defined by 28 U.S.C. § 157(b)(2), in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights

1

duly established under Title 11 of the United States Code, and other applicable federal law.  To the extent the Court may find this to be a non-core proceeding, the plaintiffs consent to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. § 157(c)(2).

3. This Court has jurisdiction to enter a final and dispositive order in this matter under the decision in <u>Budget Service Co. v. Better Homes of Virginia</u>, 803 F.2d 289 (4th Cir. 1986).

4. This Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of North Carolina on August 3, 1984 (Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

## Venue

6. Venue lies in the Eastern District of North Carolina in that the plaintiffs are citizens and residents of Granville County, North Carolina.

## Parties

7. The plaintiffs are the debtors the above-captioned bankruptcy case.

8. According to the Proof of Claim filed by HSBC in this case, notices are to be sent to Bass & Associates, P.C. at 3936 E. Ft. Lowell Suite 200, Tucson, AZ 85712.

9. Upon information and belief, defendant HSBC is a credit card issuing and processing facility.  According to the attachments to its Proof of Claim, HSBC has a principal mailing address of P. O. Box 660070, Sacramento, CA 95866-0070.

10. Upon information and belief, HSBC is a wholly owned subsidiary of HSBC North American Holdings, Inc. (hereinafter "HSBC-NAH"), a bank holding company headquartered in Mettawa, Illiniois.

11. Upon information and belief, the Chief Executive Officer of HSBC-NAH is Brendan McDonagh, who has a mailing address of 26525 N. Riverwoods Boulevard, Mettawa, IL 60045.

12. Upon information and belief, neither HSBC nor HSBC-NAH is an insured depository institution.

## Relevant Facts

13. On or about September 13, 2007, the plaintiffs purchased said vehicle from an independent dealer located in or around Creedmoor, North Carolina.

14. The total purchase price for said vehicle, including tax, tags and other fees associated with the purchase, totaled $11,000.00.

15. Plaintiffs financed the purchase of said vehicle by obtaining an extension of credit through defendant HSBC, arranged through such dealer.

16. On October 3, 2007, the North Carolina Division of Motor Vehicles caused a title to said vehicle to be issued, which title indicates that HSBC holds a first lien against said vehicle.

17. On October 26, 2009, the plaintiffs filed a Voluntary Petition under chapter 13 of the United States Bankruptcy Code, and John F. Logan is the duly appointed and acting Trustee.

18. On February 16, 2010, HSBC filed a Proof of Claim in said chapter 13 case, indicating thereon that it holds a claim against the plaintiffs which is secured by a lien against "HHG," and further indicating that the plaintiffs may have scheduled the account as "Kawasaki."

## First Claim for Relief

19. The allegations contained in paragraphs 1 through 18, above, are hereby reincorporated herein by reference.

20. Although the information provided by HSBC to "document" its claim includes a copy of the title referenced in paragraph 16, above, it does not contain any documentation of any agreement between the parties under which the plaintiffs agreed to grant HSBC a security interest in such vehicle, or in any other property of the debtors.

21. Absent documentation of an agreement between the parties, enforceable under applicable state law, under which the plaintiffs granted HSBC a security interest in the said vehicle or other property of the plaintiff, the claim of HSBC should be allowed in this matter only as a general unsecured claim.

22. If the claim of HSBC in this matter is determined to be, and allowed as a general unsecured claim, any lien it claims against the said vehicle or any other property of the debtors shall be deemed void pursuant to 11 U.S.C. § 506(d) In such event, HSBC should be required to immediately release its claimed "lien" against said vehicle, as noted on the title.

**Second Claim for Relief**

23.  The allegations contained in paragraphs 1 through 18, above, are hereby reincorporated herein by reference.

24. Upon information and belief, the financing agreement between the plaintiffs an HSCB involves the use of a credit card, linked to a revolving credit account.

25.  N.C. Gen. Stat. § 24-11(c) prohibits the taking of a security interest to secure an extension of credit through the use of a revolving credit account in which the interest rate exceeds 1.25 % per month (15 % per annum).

26. Upon information and belief, as of the time of the filing of the plaintiffs' chapter 13 Petition, HSBC was charging an interest rate of 19.99% per annum on a portion of its account with the plaintiffs. Accordingly, even if it does have an otherwise enforceable security interest in the said vehicle, said security interest is void under applicable North Carolina law.

WHEREFORE, the plaintiffs having set forth their claims against the defendant, respectfully pray the Court as follows:

A.  That the lien of HSBC be declared void;

B.  That HSBC be ordered to release its lien on the said vehicle;

C. That the claim of HSBC be allowed as a general unsecured claim in the plaintiffs' underlying chapter 13 case; and

D.  For such other and further relief as this Court deems just and proper.

This the 24th  day of May, 2010.

**Law Offices of John T. Orcutt, P.C. by**

 s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney at Law
6616-203 Six Forks Road
Raleigh, NC 27615
(919) 847-9750
NC State Bar No.: 19817